# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KERA HEBENSTREIT ) | |
| ) | Case No. |
| ) | |
| Plaintiff, ) | Hon. |
| ) | |
| v. ) | Hon. Mag. |
| ) | |
| CITY OF WEST CHICAGO POLICE ) | |
| OFFICERS DEREK MIELKE, STEVE ) | |
| CASTRO, and RICK SAUSEDA, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Kera Hebenstreit, by and through his attorneys, Christopher Smith Trial Group, LLC, and complaining of the Defendants CITY OF WEST CHICAGO POLICE OFFICERS DEREK MIELKE, STEVE CASTRO, and RICK SAUSEDA states as follows:

## INTRODUCTION

1. This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the Constitution. Plaintiff brings claims for excessive force and failure to intervene.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States.

## PARTIES

3. Plaintiff, Kera Hebenstreit is a citizen of the United States who currently resides within the Northern District of Illinois.

4. Defendants, Officer Derek Mielke, Officer Steve Castro, and Officer Sauceda were at the time of this occurrence duly licensed Officers of the West Chicago Police Department. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their official and individual capacities.

## BACKGROUND

5. Kera Hebenstreit was legally parked in a disabled vehicle awaiting assistance at or near 142 N. Neltnor Blvd., in West Chicago, IL on September 24, 2022 at approximately 1:00 am.

6. All Defendant Officers approached Kera Hebenstreit and began interrogating her as she sat in her legally parked vehicle, in the driver's seat with the driver's window down.

7. Ms. Hebenstreit explained that her vehicle had become inoperable and that she was waiting for assistance.

8. Defendant Officers demanded that Ms. Hebenstreit get out of her car.

9. Defendant Mielke opened the driver's door of Ms. Hebenstreit's vehicle.

10. Defendant Mielke forcibly grabbed Ms. Hebenstreit's arm and dragged her out of the vehicle.

11. Once Ms. Hebenstreit was out of the car, all three defendants participated in further excessive force against her.

12. Ms. Hebenstreit told Defendant Officers that they were hurting her.

13. All three Defendant Officers continued the violent assault, twisting Ms. Hebenstreit's arms using techniques designed to cause pain and injury.

14. Defendants did in fact did cause pain and injury to Ms. Hebenstreit.

15. One of the Defendant Officers, believed to be Defendant Castro, wrenched Ms. Hebenstreit's arm violently enough to cause serious injury.

16. Defendant Officers forced Ms. Hebenstreit into a West Chicago Police car in an abusive manner that caused further pain and injury.

17. Ms. Hebenstreit continued to describe her pain and injury, while officers transported her to the West Chicago Police Department.

18. At the West Chicago Police Department, Ms. Hebenstreit was evaluated by West Chicago Paramedics and she was eventually taken by ambulance to Central DuPage Hospital where her injuries were treated and documented.

19. Initially the physicians diagnosed Ms. Hebenstreit with a broken arm.

20. In a follow-up visit, Ms. Hebenstreit was diagnosed with a dislocated elbow.

21. As a result of the excessive force, Ms. Hebenstreit suffered damages, including but not limited to, pain and suffering, lost work, and emotional injuries.

## Count I
### 42 U.S.C. Section 1983
### Fourth Amendment—Excessive Force against Defendant Officers

22. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

23. The actions of all Defendant Officers as detailed above, constitutes unreasonable, unjustifiable, and excessive force against Plaintiff; thus, violating

3

Plaintiff's rights under the Fourth Amendment to the United States Constitution.

24. As a result of the Defendant Officers' misconduct described in this Count, undertaken pursuant to the City's policy and practice as described above, Plaintiff suffered pain and injury including physical, financial, and emotional harm.

## Count II
## 42 U.S.C § 1983
## Fourth Amendment - Failure to Intervene, Named Defendants

25. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

26. As described more fully in the preceding paragraphs, during the constitutional violations described herein, each of the Defendant Officers stood by without intervening to prevent at least some portion of the excessive force described in this Complaint.

27. Each Defendant had a reasonable opportunity to intervene to prevent and/or stop the continuing excessive force and failed to do so.

28. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury including physical, financial, and emotional harm.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/Christopher Smith/
Christopher R. Smith
Christopher Smith Trial Group, LLC
53 W. Jackson, #856
Chicago, IL 60604
312.432.0400